FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 09 2016

JAMES W. McCORMACK, CLERK
By: _____ C. ____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ARRYN GERRARD STALLINGS ) PETITIONER
)
v. ) No. 4:12CR00150-001 KGB
)
)
UNITED STATES ) RESPONDENT

## MOTION TO VACATE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. 2255

On MAY 07, 2013, this Honorable Court sentenced Petitioner to a term of 78 months imprisonment after finding that he/she had at least one prior felony conviction for a "crime of violence" as defined by the residual clause of U.S.S.G. § 4B1.2, which triggered application of the sentencing enhancement in U.S.S.G. § 2K2.1. This Guideline's residual clause is materially indistinguishable from the residual clause found in the Armed Career Criminal Act ("ACCA"). (18 U.S.C. § 924(e)(2)(B)(ii)). On June 26, 2015, the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), struck down the ACCA's residual clause as void for vagueness. It follows that § 4B1.2's residual clause is likewise unconstitutionally vague. Therefore, the sentencing enhancement Petitioner received as a result of the Court's application of the residual clause in § 4B1.2 cannot be sustained, and the sentence Petitioner received must be vacated forthwith.

Invalidation of the ACCA's residual clause by the Court in *Johnson* compels the conclusion that § 4B1.2's identically worded residual clause also violates due process.

*Taylor v. United States*, 803 F.3d 931, 933 (8th Cir. 2015). Moreover, because the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016), emphasized that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review," *Johnson*'s holding opens the door for Petitioner to collaterally attack his sentence without otherwise being time-barred.

That the holding of *Johnson* applies retroactively to invalidate the residual clause of § 4B1.2 is a premise that no court of authority in this Circuit has expressly rejected. To the contrary, the matter is currently on appeal before the Eighth Circuit. *See, McCaughan v. United States*, No. 16-2270, 16-2271, 16-2272 (8th Cir. 2016). In addition, there are at least three petitions for *writs of certiorari* pending before the United States Supreme Court, all of which address whether *Johnson* applies retroactively to the Guidelines. *See, Jones v. United States*, No. 15-8629 (cert. filed May 15, 2016); *Beckles v. United States*, No. 15-8544 (cert. filed May 9, 2016); and *Rivero v. United States*, No. 15-7776 (cert. filed Jan. 14, 2016). The fact that the Court in *Johnson* relied on four lower court decisions interpreting § 4B1.2(a)(2)'s residual clause (and only two ACCA decisions) to demonstrate that it "has proved nearly impossible" to "make sense of the residual clause" is telling. *See* 135 S. Ct. at 2559-60 (*analyzing United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)). To be sure, to date the Supreme Court has vacated and remanded seventeen lower court

decisions in which defendants had been sentenced under § 4B1.2(a)'s residual clause, including five cases on collateral review, in light of *Johnson*.[1]

Thus, the only plausible argument that Petitioner is *not* entitled to have his sentence vacated must be based on the assumption that his prior conviction qualifies as a "crime of violence" under the "enumerated offenses" clause or "elements" clause of the crime of violence definition in § 4B1.2(a). Petitioner's conviction does not qualify as a "crime of violence" under the enumerated offenses clause because the state statute of conviction does not match the generic definition of burglary, arson, extortion, or use of explosives offense. Likewise, it does not qualify as a "crime of violence" under the elements clause because it does not have as an element the use, attempted use, or threatened use of violent physical force.

As explained by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), to decide whether a prior conviction falls under either one of these clauses, the court must engage in a meaningful review of the state statute of conviction using the categorical

---

[1] The GVRs include fifteen career offender cases, see *Caldwell v. United States*, 136 S. Ct. 417 (2015); *Banks v. United States*, 136 S. Ct. 365 (2015); *McCarthren v. United States*, 136 S. Ct. 332 (2015); *Gonzales v. United States*, 136 S. Ct. 84 (2015); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Vinales v. United States*, 135 S. Ct. 2928 (2015); *Richardson v. United States*, No. 15-6053, 2016 WL 763200 (S. Ct. Feb. 29, 2016); *Moon v. United States*, No. 15-7189, 2016 WL 1173109 (S. Ct. Mar. 28, 2016); *Jeffries v. United States*, No 157300, 2016 WL 1173110 (S. Ct. Mar. 28, 2016); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (§ 2255 motion); *Denson v. United States*, 135 S. Ct. 2931 (2015) (§ 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (§ 2255 motion); *Jones v. United States*, 136 S. Ct. 333 (2015) (§ 2255 motion); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (§ 2255 motion); one § 2K2.1 case, see *Talmore v. United States*, 135 S. Ct. 2937 (2015); and one § 7B1.1 case, see *Cooper v. United States*, 135 S. Ct. 2938 (2015).

approach. It is simply insufficient for the court to classify a prior conviction as a "crime of violence" based solely on the title of the statute or a summary of facts contained in the PSR. It is for this reason that Petitioner requests that counsel be appointed. Counsel has access to legal research tools that Petitioner does not. Counsel has access to court records and state statutes that Petitioner does not. What's more, Counsel is in a better position to keep up to date on developments in the law which support Petitioner's claim for relief. Accordingly, Petitioner submitted an accompanying Motion to Appoint Counsel and urges the court to appoint counsel for him. The Federal Public Defender Office has indicated it will accept appointment in this case.

In conclusion, Petitioner's motion is timely under 28 U.S.C. § 2255(f)(3) because it has been filed within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Petitioner respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him accordingly.

Respectfully submitted,

*/s/ signature/*

**CERTIFICATE OF SERVICE**

I hereby certify that on this __2__ of __June__ 2016, a true and correct copy of the foregoing was mailed to the Clerk of Court for the Eastern District of Arkansas for uploading in the CM/ECF system, which shall send electronic notification to the following:

U.S. Attorney's Office P.O.
Box 1229
Little Rock, AR 72203